■ In the Matter of the Arbitration between AETNA CASUALTY AND SURETY COMPANY, Respondent, and WALTER GIBBS et al., Respondents. LUMBERMANS MUTUAL CASUALTY INSURANCE COMPANY, Appellant. [606 NYS2d 228] —Order of the Supreme Court, New York County (Stuart Cohen, J.), entered December 21, 1992, following a non-jury trial, which granted petitioner Aetna's application to permanently stay respondent Gibbs' demand for arbitration of an uninsured motorist claim, and deemed additional respondent-appellant Lumbermans as the insurer of the offending vehicle at the time of the accident, is unanimously reversed, on the law and facts, petitioner's application denied, the petition dismissed and petitioner directed to proceed to arbitration in accordance with the demand, with costs and disbursements payable by petitioner.

On August 10, 1990, the double parked car in which respondent Gibbs was a passenger was struck from behind by a 1977 Ford. The vehicle, in which Gibbs was a passenger, was insured by petitioner Aetna, and the offending vehicle was owned by Majestic Mobile, and ostensibly insured by respondent Lumbermans.

At the hearing to determine whether the offending vehicle was insured on the day of the occurrence, a Ms. Lago, a supervisor for Lumbermans Risk Department, testified that Lumbermans had written a three year policy for the 1977 Ford. However, she testified that Ms. Jeanette Cordero, a broker for respondent Majestic, had submitted a change of request form, deleting the 1977 Ford, and replacing it with a 1982 Chevrolet.

Pursuant to this request, the 1977 Ford was removed from the policy and a 1982 Chevrolet was added on April 23, 1990. Introduced into evidence was a copy of the FH1 (For Hire Certificate), effective April 23, 1990, which was filed with the Department of Motor Vehicles. Further in evidence was the registration plate record for Majestic which showed this replacement prior to the date of the occurrence. In addition, the plate numbered T19457C, which was on the offending Ford vehicle, had been surrendered to the Department of Motor Vehicles on May 4, 1990, well before the August 10, 1990 occurrence.

Since Lumbermans removed the offending vehicle from the policy three months before the occurrence and the plates of such vehicle were surrendered to the DMV on or about the same time, Lumbermans sustained its burden of showing that it had effectively terminated coverage on the Ford before the date of the occurrence. Concur—Sullivan, J. P., Carro, Asch and Rubin, JJ.